IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                      No. CIV S-10-2566 MCE DAD PS

    v.

SACRAMENTO MAIN
COURTHOUSE, et al.,             ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
    Defendants.

        This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Duplicative or repetitious litigation of

1

1 virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.
2 <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that a complaint that
3 "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the
4 authority of then-numbered 28 U.S.C. § 1915(d)); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th
5 Cir. 1988). A suit is duplicative if the "claims, parties, and available relief do not significantly
6 differ between the two actions." <u>Barapind v. Reno</u>, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999)
7 (quoting <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 572 F. Supp.
8 1210, 1213 (N.D. Ill. 1983)). This is true even where the new complaint repeats the same claims
9 but against new defendants. <u>Bailey</u>, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit,
10 more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy
11 and the 'comprehensive disposition of litigation.'" <u>Adams v. California</u>, 487 F.3d 684, 692-93,
12 694 (9th Cir. 2007) (citation omitted).

13 Earlier on the same day plaintiff filed the complaint now pending before the court
14 in this action, September 20, 2010, he filed another complaint in this court naming as defendants
15 the Sacramento Sheriff Department and the Courthouse Bailiff Division.[1] See <u>Smith v.</u>
16 <u>Sacramento Sheriff Department, et. al.</u>, 10-cv-2563 FCD GGH. In the complaint filed in that
17 slightly earlier filed action plaintiff alleged that he was called back to court after eight months
18 for HIV blood testing and was "set up" to fight an inmate named Gomez. See <u>Id.</u>, Doc. No. 1.
19 On October 7, 2010, plaintiff's complaint in Case No. 10-cv-2563 FCD GGH was dismissed
20 with leave to file an amended complaint. See <u>Id.</u>, Doc. No. 7. Plaintiff filed a first amended
21 complaint, which was again dismissed with leave to amend. See <u>Id.</u>, Doc. Nos. 8 & 10.
22 However, plaintiff did not file a second amended complaint. Accordingly, on March 8, 2011, the
23 assigned Magistrate Judge issued findings and recommendations recommending that plaintiff's
24 complaint in Case No. 10-cv-2563 FCD GGH be dismissed with prejudice. See <u>Id.</u>, Doc. No. 12.

---

[1] A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1   Those findings and recommendations were adopted by the assigned District Judge on April 7,
2   2011, and that action was dismissed with prejudice.  See Id., Doc. No. 13.

3   In the complaint now pending before this court plaintiff names as defendants the
4   Sacramento Main Courthouse and an unidentified Magistrate Judge.  (Compl. (Doc. No. 1) at 1.)
5   In his complaint in this action plaintiff again alleges that he was called back to court after eight
6   months for HIV blood testing and was "set up" to fight an inmate named Gomez.  (Id.)

7   The court finds no significant difference between the claims or available relief
8   between plaintiff's complaint filed in Case. No. 10-cv-2563 FCD GGH and the complaint now
9   pending before the court in this action.  There is also a substantial similarity between the
10  defendants named in both actions.  Accordingly, the court finds that plaintiff's complaint now
11  pending before this court is duplicative of the complaint he filed in Case. No. 10-cv-2563 FCD
12  GGH.  As noted above, Case. No. 10-cv-2563 FCD GGH was dismissed with prejudice.  Thus,
13  plaintiff's claims have already been adjudicated on the merits and plaintiff is barred from
14  bringing a subsequent action alleging the same claims.  See Fed. R. Civ. P. 41(b); Owens v.
15  Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal of prior action
16  with prejudice based on plaintiff's failure to prosecute was an adjudication on the merits for res
17  judicata purposes); Johnson v. United States, Dep't of Treasury, 939 F.2d 820, 825 (9th Cir.
18  1991) (noting that dismissal for failure to prosecute is "treated as an adjudication on the 'merits'
19  for purposes of preclusion."); see also Dupree v. Jefferson, 666 F.2d 606, 610 n.25 (D.C. Cir.
20  1981) ("A dismissal with prejudice operates as an adjudication upon the merits, and consequently
21  operates to bar a later action.")

22  Accordingly, IT IS HEREBY ORDERED that plaintiff's September 20, 2010
23  application to proceed in forma pauperis (Doc. No. 2) is granted.

24  IT IS RECOMMENDED that:

25  1. Plaintiff's September 20, 2010 complaint (Doc. No. 1) be dismissed with
26  prejudice; and

      2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 17, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\smith2566.ifp.f&rs